**INVESTORS' SYNDICATE et al. v. THOMAS et ux.**

**No. 11623.**

Court of Civil Appeals of Texas. Dallas.
May 19, 1934.

Seay, Malone & Lipscomb, of Dallas, for appellants.

J. Lee Zumwalt, of Dallas, for appellees.

JONES, Chief Justice.

This was an injunction suit instituted in a district court of Dallas county by appellees, to enjoin the sale by the trustee in a deed of trust, creating a lien on the land in controversy to secure a valid debt, owing by appellee to appellant; a temporary writ of injunction was granted, under the provisions of the Moratorium Act of 1933 (Vernon's Ann. Civ. St. art. 2218b). This law, by its own terms, ended May 1, 1934, and the injunction granted necessarily ended on said date. Deciding cases, involving the same question, the Supreme Court, in a memorandum opinion, held that the law, under which the appeals were taken, "is effective in no event beyond May 1, 1934. Since the statute is no longer operative, the cause is deemed moot and for that reason is dismissed. Any injunctive or restraining order heretofore entered by this or any lower court is hereby dissolved." Plainview B. & L. Ass'n v. Lillian Robbins; Guardian Trust Co., Trustee, v. Mrs. Louise Turner et vir; J. E. Broussard et al. v. Beaumont Petroleum

Syndicate et al.; Malachy Murphy v. E. O. Phillips et al., 72 S.W.(2d) 92 (none of which have been reported [in State Report]).

Such holding by the Supreme Court is binding on this court, and for the reason stated by the Supreme Court, this appeal is dismissed, and the temporary writ of injunction dissolved.

█ The dismissal of this case does not affect appellants' rights, if any exist, against appellees on the temporary injunction bond, provided that, under the record in this case, the then existing Moratorium Law did not authorize the granting of the said temporary writ.

Dismissed.